314

INTERNATIONAL PAPER COMPANY *v.*
Gary L. PLUNKETT

CA 81-373                                    630 S.W. 2d 552

Court of Appeals of Arkansas
Opinion delivered March 31, 1982

*Bridges, Young, Matthews, Holmes & Drake,* for appellant.

*Dean A. Garrett,* for appellee.

DONALD A. CORBIN, Judge. The appellee, Gary L. Plunkett, was injured while employed by the appellant, International Paper Company, on February 9, 1980. Appellee reported to the mill's first aid station and was given first aid treatment and returned to work. Appellee was given additional first aid treatment over the next several days. During this time, he asked to see a physician on several different occasions. On February 12, 1980, he was referred to Dr. P. B. Simpson, a neurologist in Pine Bluff. He was treated by this doctor and released on February 29 with no limitations or permanent physical impairment rating. Ap-

pellee attempted work for a short period of time but continued to complain of pain. He was then referred to Dr. Robert R. Gullett, an orthopedic surgeon in Pine Bluff, on March 7, 1980. Dr. Gullett treated appellee for a few days and returned appellee to light duty work for two weeks and advised that at the end of this two week period, the appellee could resume full and normal activities. On March 5, 1980, appellee forwarded a written request to the Commission requesting authority to see a chiropractor. On March 12, 1980, he forwarded a second letter to the Commission amending his March 5 letter to request permission to be seen by Dr. Wilbur M. Giles, a neurosurgeon in Little Rock. Appellant responded with a letter to the Commission protesting the change because the appellee had been seen and treated at the expense of the appellant by two different physicians in Pine Bluff. On March 21, 1980, appellee was seen by Dr. Giles. Dr. Giles' initial report stated that he felt appellee had sustained a lumbosacral strain and mild cervical strain. He recommended that the appellee remain off work until May 1, at which time, appellee should be able to return to work. Appellee returned to Dr. Giles on April 30, complaining of low back pain, hip pain and occasional leg pain. Dr. Giles hospitalized appellee for more extensive therapy and a more detailed re-evaluation. He was also seen by a psychiatrist who felt that appellee was suffering from considerable difficulty with psychogenic overlay secondary to the back injury. Dr. Giles released the appellee from the hospital on May 22, 1980.

Appellee then saw Dr. Lester on May 23, 1980, who referred him to Dr. Jim J. Moore, a neurosurgeon in Little Rock. Dr. Moore evaluated appellee, hospitalized him, and ran numerous tests. The last report from Dr. Moore indicated that in his opinion the appellee sustained a musculoligamentis sprain and strain of his lower back with a probable cerebral concussion. Dr. Moore treated the appellee from June 22, 1980 through August 4, 1980. The appellee never filed a petition for change of physician pursuant to the requirements of Rule 21 for permission to see either Drs. Lester or Moore.

The Administrative Law Judge held that appellee was

temporarily and totally disabled from January 9 to February 4, 1980, and to a date yet to be determined. The Administrative Law Judge also ruled that the appellant should be liable for the medical treatments rendered by Dr. Wilbur Giles, Dr. Joe K. Lester and Dr. Jim J. Moore. By a two to one decision, with one concurring opinion and one dissent, the full Commission affirmed the decision of the Administrative Law Judge and adopted his findings of fact. The majority opinion concluded that: "Failure of appellant to provide prompt medical care and treatment by a physician may have prevented the underlying cause of the serious issues faced in this appeal from being discovered."

The Chairman of the Commission concurred in the majority opinion and stated the following:

> To me, perhaps the key factor in my resolution of this controversy in favor of the appellee is the appellant's three to four day delay in sending the appellee to a doctor following his injury despite his request to be seen by a doctor. While the appellee may very well have committed several violations of Commission Rule 21 in going to the various physicians he saw following his conditional release by Dr. Robert Gullett, I think that the appellant's initial reluctance to allow appellee to see a doctor operates in the nature of an estoppel to prevent appellant from asserting the defense of noncompliance with Rule 21.

We reverse and remand.

Appellant contends the Commission erred in retroactively approving a change of physicians first to Dr. Giles and later to Drs. Lester and Moore. Appellant also argues there is no substantial evidence to support a finding of temporary and total disability after May 22, 1980.

The pertinent statutory section is Ark. Stat. Ann. § 81-1311 (Supp. 1979)[1] which provides in part:

---

[1]This statute was amended by the Legislature through Act 290 of 1981.

The Commission may order a change of physicians at the expense of the employer when, in its discretion, such change is deemed necessary or desirable. Upon notice of injury, the injured employee shall be furnished a copy of Commission Rule 21 and a copy of Section 11 of the Workers' Compensation Act. Subsequently, if the injured employee desires to change physicians pursuant to the rules, notice to this effect must be given to the employer. Any unauthorized medical expense incurred after receiving a copy of Rule 21 and a copy of Section 11 of the Workers' Compensation Act shall not be the responsibility of the employer unless the employee gives the employer prior notice of intent to change physicians pursuant to the rules and eventually obtains an order from the commission approving the change.

Rule 21 of the Rules of the Arkansas Workers' Compensation Commission provides:

The employer and/or insurance carrier has the right and duty in the first instance to provide prompt medical care to injured employees through physicians and hospitals of the respondent's choice. A claimant, subsequently, may obtain a change in treating physicians to a physician of the claimant's choice, the cost of such treatment to be borne by the employer or employer's insurance carrier, provided (1) the claimant's healing period shall not have ended; (2) the claimant is not seeking to change physicians from one of his own choice, previously selected by the claimant; (3) the physician to whom the claimant wishes to change is qualified in a particular field of medicine needed for claimant's particular difficulty; (4) the claimant files with the commission a petition for a change of physicians, gives the name of the physician to whom he wishes to change and asserts that the physician to which he wishes to change is competent to treat his particular ailment; (5) no unresolved issue exists over whether claimant is legally entitled to medical care at the expense of respondents.

An employer might be estopped, under certain circumstances, from invoking Rule 21, however, we do not believe this to be a proper case for estoppel. Under the facts presented to this court, the appellee admittedly received copies of both Rule 21 and Section 11 of the Compensation Act on February 15, 1980. Further, appellee was obviously aware of the appropriate procedure required by Rule 21 because on not just one occasion, but twice, appellee directed letters to the Commission requesting first, care and treatment by a chiropractor and one week later, care and treatment by Dr. Giles, a neurosurgeon. Dr. Giles was a physician of the appellee's choice. The record reflects that the appellee has been seen and treated by as many as nine different physicians: Dr. P. B. Simpson, Jr., a neurosurgeon in Pine Bluff; Dr. Robert R. Gullett, an orthopedic surgeon in Pine Bluff; Dr. E. Frank Reed, an orthopedic surgeon in Pine Bluff; Dr. Fabar Carter, a general practitioner in Sheridan; Dr. Wilbur M. Giles, a neurosurgeon in Little Rock; Dr. Joe K. Lester, an orthopedic surgeon in North Little Rock; Dr. Jim J. Moore, a neurosurgeon in Little Rock; Dr. Jim Sims, a psychiatrist at the Baptist Medical Center; and Dr. Mallard or Ballard, a diagnostician in Little Rock. No reports or statements were offered from Dr. Carter, Dr. Reed, Dr. Sims or the diagnostician.

While the Commission has discretion in allowing a change in physician, the Commission clearly abused its discretion in the instant case. We would allow Dr. Giles to be paid and the appellee to be paid temporary total disability to May 22, 1980, the date he was released from the Baptist Medical Center by Dr. Wilbur M. Giles.

Additionally, we find no substantial evidence to indicate that the appellee is, or was, temporarily and totally disabled after May 22, 1980. None of the medical reports in the record indicate that appellee was unable to work after May 22, 1980.

We reverse and remand with directions to the Commission to enter an order in accordance with this decision.

Reversed and remanded.